IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GUY W. CHIARULLI,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN ERIC TAYLOR, et al.,<br><br>        Defendants. | Civil No. 08-4400 (JBS/AMD) |

**REPORT AND RECOMMENDATION**

    This matter has been raised <u>sua</u> <u>sponte</u> by the Court in light of the failure of Plaintiff <u>pro</u> <u>se</u>, Guy W. Chiarulli, to comply with the Court's Scheduling Orders and to prosecute this action. This Report and Recommendation is made pursuant to 28 U.S.C. § 636(b)(1)(B) because of the dispositive nature of the proposed order. For the reasons set forth below, the Court respectfully recommends dismissal of the complaint pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 16(f) and 41(b).

    Plaintiff submitted a complaint on September 4, 2008 [Doc. No. 1] pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Fourth and Eighth Amendments of the United States Constitution. Plaintiff filed with the complaint an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, which application was denied without prejudice by the District Court because Plaintiff failed to include a prison account statement. (Order [Doc. No. 2]

at 2-3, Sept. 9, 2008.) Plaintiff thereafter submitted a prison account statement [Doc. No. 3]. The District Court, by Order dated February 17, 2009, granted Plaintiff's application to proceed in forma pauperis and permitted Plaintiff's complaint to proceed past sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). (Order [Doc. No. 4] at 2, Feb. 17, 2009.) Further, the District Court directed the United States Marshal to "serve summons and copies of the Complaint and this [February 17, 2009] Order upon Defendants[.]" (Id.) Defendants were served with process on or about April 14, 2009, and they filed an answer on May 12, 2009. (See Answer [Doc. No. 8].)

At the time Plaintiff filed the complaint, he was incarcerated at Camden County Correctional Facility. (See Order [Doc. No. 2] at 1, Sept. 9, 2008.) On May 13, 2009, the Clerk of the Court sent a letter to the parties concerning the preparation of a pre-trial memorandum. (Letter [Doc. No. 9], May 13, 2009.) The letter, however, was returned as undeliverable on or about May 20, 2009 [Doc. No. 10]. By letter dated May 22, 2009, Howard L. Goldberg, Assistant County Counsel, advised the Court of a current address for Plaintiff in Somerdale, New Jersey. (Letter [Doc. No. 11], May 22, 2009.) On June 17, 2009, the Clerk re-mailed a letter to Plaintiff at the address provided by defense counsel, and the docket does not reflect that the letter has been returned as undeliverable.

On June 19, 2009, the Court issued an order scheduling an

2

initial conference for July 28, 2009.  (Order [Doc. No. 12] at 1 ¶ 1, June 19, 2009.)  Plaintiff failed to appear at the July 28, 2009 conference.  (See Minutes of Proceedings [Doc. No. 14].)  By Order dated July 28, 2009, the Court required Plaintiff to "advise the Court in writing, no later than August 14, 2009, as to the reason for his failure to appear at the scheduling conference scheduled before this Court on July 28, 2009."  (Order [Doc. No. 15] at 1 ¶ 1, July 28, 2009.)  The Court also rescheduled the conference for September 16, 2009 and advised that "the failure of a party or attorney to obey this order may result in imposition of sanctions under FED. R. CIV. P. 16(f)."  (Id. at 1 ¶ 2.)  Plaintiff did not provide a response as to the reason for his failure to appear at the July 28, 2009 conference, and further failed to appear at the conference on September 16, 2009.  (See Order to Show Cause [Doc. No. 17] at 1, Sept. 17, 2009.)  On September 17, 2009, the Court issued an Order to Show Cause directing Plaintiff to appear before the Court on October 23, 2009 to "show cause why an order of contempt should not be entered for his failure to appear at the court-ordered conferences on July 28, 2009 and September 16, 2009, and why sanctions should not be imposed for Plaintiff's failure to abide by the Court's Orders dated June 19, 2009 and July 28, 2009[.]"  (Id. at 1-2.)  The Order to Show Cause further provided that any party's response to the Order to Show Cause must be filed and served by October 5, 2009.  (Id. at 2.)  Moreover, the Order stated:

> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions, including dismissal of the case, and may be deemed a contempt of Court.

(Id.) Plaintiff failed to provide a response to the Order to Show Cause and failed to appear at the October 23, 2009 hearing. Plaintiff has not contacted the Court or otherwise participated in this litigation since filing a prisoner account statement on December 18, 2008.

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to comply with a court order. Pursuant to Fed. R. Civ. P. 16(f)(1), the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Fed. R. Civ. P. 37(b)(2)(A) provides that the Court may sanction a party by "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, under Fed. R. Civ. P. 41(b), the Court may enter an order dismissing an action with prejudice for a plaintiff's failure to prosecute the case. See Fed. R. Civ. P. 41(b).

In deciding whether sanctions that "deprive a party of the right to proceed with or defend against a claim" are appropriate, the Court considers the following factors set forth by the Third Circuit in Poulis v. State Farm Fire & Cas. Co. (hereinafter, the "Poulis factors"):

> (i)    the extent of the party's personal

4

|       |                                                                                                      |
|-------|------------------------------------------------------------------------------------------------------|
|       | responsibility;                                                                                      |
| (ii)  | the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; |
| (iii) | a history of dilatoriness;                                                                           |
| (iv)  | whether the conduct of the party or the attorney was willful or in bad faith;                        |
| (v)   | the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and |
| (vi)  | the meritoriousness of the claim or defense.                                                         |

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992)(Poulis factors apply whenever court considers sanctions that "deprive a party of the right to proceed with or defend against a claim.") (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990)).  "[D]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [such] cases." Poulis, 747 F.2d at 867-68 (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

The Court finds that Plaintiff is personally responsible for his failure to comply with the June 19, 2009 and July 28, 2009 Orders requiring him to appear for a scheduling conference, his failure to comply with the July 28, 2009 Order requiring him to advise the Court of his reason for not attending the July 28, 2009 scheduling conference, and his failure to appear before the Court on October 23, 2009 pursuant to the September 17, 2009 Order to

Show Cause.  In so finding, the Court notes that Plaintiff did not file a change of address with the Court upon his release from Camden County Correctional Facility,[1] but defense counsel provided the Court with Plaintiff's new address, to which the June 19, 2009, July 28, 2009, and September 17, 2009 Orders were sent, and the docket does not reflect that the Court's Orders were not received. Moreover, the Court finds that Plaintiff is personally responsible for his failure to otherwise participate in this litigation for over one year.  Because Plaintiff proceeds pro se rather than through counsel, he is responsible for his conduct in this litigation.  See Wade v. Wooten, No. Civ. A. 90-2373, 1993 WL 298715, at *3 (E.D. Pa. July 30, 1993) ("In this case plaintiff has proceeded pro se.  Thus, he is directly responsible for his own actions, or lack thereof.").  Accordingly, the first Poulis factor supports dismissal of Plaintiff's complaint.

Under the second Poulis factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in "extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party." Huertas v. City of Philadelphia, No. Civ. A. 02-7955, 2005 WL

---

1. Local Civil Rule 10.1(a) requires parties to advise the Court of a change of address within five days.  See L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within five days of being apprised of such change by filing a notice of said change with the Clerk.  Failure to file a notice of address change may result in the imposition of sanctions by the Court.").

6

226149, at *3 (E.D. Pa. Jan. 26, 2005), aff'd, 139 Fed. Appx. 444 (3d Cir.), cert. denied, 546 U.S. 1076 (2005).  A party may also be prejudiced if its "ability to prepare effectively a full and complete trial strategy" is impeded.  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  A finding of prejudice to the opposing party under Poulis "weighs heavily in favor of dismissal." Huertas, 2005 WL 226149, at *3.  In this case, Defendants are prejudiced by Plaintiff's failure to appear at any of the Scheduling Conferences or otherwise pursue this case beyond the pleadings stage because they are unable to defend the case and resolve it in a timely manner.

Under the third Poulis factor, the Court examines whether there is a pattern of dilatoriness.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868).  The Court finds that Plaintiff has a history of dilatoriness.  Plaintiff failed to appear at three court-ordered conferences, failed to provide explanations for his failure to appear at the conferences as required by court orders, and failed to attend the Order to Show Cause hearing on October 23, 2009.  The delay in this case caused by Plaintiff's consistent failure to participate in the litigation weighs in favor of dismissal of the complaint.

7

The fourth factor set forth in Poulis is whether Plaintiff's conduct is willful or in bad faith.  In the context of discovery sanctions, willfulness and bad faith "involve[ ] intentional or self-serving behavior."  Adams, 29 F.3d at 875.  By contrast, "negligent behavior" or "failure to move with . . . dispatch" -- even if "inexcusable" -- will not suffice to establish willfulness or bad faith.  Id. at 875-76 (citing Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)).  In this case, no excuse has been proffered for Plaintiff's failure to comply with court orders or otherwise prosecute this litigation.  Based on the record presented on this motion, the Court finds that Plaintiff's failure to appear at the scheduling conferences and the Order to Show Cause hearing reflects a willful failure to participate.  The fourth Poulis factor therefore weighs in favor of the ultimate sanction of dismissal at this time.

With respect to the fifth Poulis factor, the Court finds that no alternative sanctions would be effective.  Plaintiff's lack of participation demonstrates his intention to no longer litigate this case.  Plaintiff has also failed to comply with the Court's directives notwithstanding that he was expressly advised in the June 19, 2009, July 28, 2009 and September 17, 2009 Orders that a failure to comply may result in the imposition of sanctions.  The Court concludes that alternative sanctions would not prompt a response from Plaintiff given his refusal to participate in this litigation even after being placed on notice that sanctions may be

8

imposed. See Genesis Eldercare Rehabilitation Servs., Inc. v. Beam Mgmt., LLC, No. Civ. A. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (defendant "has demonstrated its complete neglect of its obligations as a litigant in this matter. Given [defendant's] willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case."); Jackson Hewitt, Inc. v. Adams, No. Civ. A. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22, 2006) ("Ultimately, the Court was forced to enter an order directing the parties to appear for a conference. Despite the clear language of this order, [defendant] nevertheless ignored it. Thus, it can be inferred that alternative sanctions such as monetary sanctions would not prompt an appropriate response from defendant."). Therefore, the Court finds that the appropriate sanction for Plaintiff's failure to comply with court orders and failure to prosecute is dismissal of the action.

Finally, turning to the sixth Poulis factor, the Court, at this stage of the proceedings, does not have sufficient grounds to evaluate the meritoriousness of Plaintiff's claims. The Court notes that Plaintiff's claims were permitted to proceed past sua sponte dismissal. (Order [Doc. No. 4] at 2, Feb. 17, 2009.) Thus, the Court will assume for this analysis that Plaintiff's claims have merit.

Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative. See Poulis, 747 F.2d at 868-70 (upholding dismissal even though only

two of six factors weighed in favor of dismissal); see also Mindek, 964 F.2d at 1373 (finding that "not all of the Poulis factors need be satisfied in order to dismiss a complaint."). The Court finds that in this case, on balance the Poulis factors warrant dismissal of the action pursuant to FED. R. CIV. P. 16(f) for Plaintiff's failure to comply with the June 19, 2009, July 28, 2009 and September 17, 2009 Orders, and for his failure to prosecute his claims under FED. R. CIV. P. 41. Plaintiff is personally responsible for his failure to comply with the court orders and participate in this litigation, which has caused prejudice to Defendants. Other than filing the complaint and a prison account statement, Plaintiff has done nothing to pursue his case. Plaintiff's willful failure to comply with court orders and prosecute this action constitutes a history of dilatoriness. The Court finds that no alternative sanctions will be effective. Consequently, the Court respectfully recommends that Plaintiff's complaint be dismissed with prejudice.

I am filing this Report and Recommendation with the Clerk of the Court and sending a copy of same to all parties. Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to L. CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b).

s/ Ann Marie Donio
ANN MARIE DONIO
United States Magistrate Judge

Dated: March 31, 2010

cc:  Hon. Jerome B. Simandle

```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| GUY W. CHIARULLI,<br><br>                Plaintiff,<br><br>   v.<br><br>WARDEN ERIC TAYLOR, et al.,<br><br>                Defendants. | Civil No. 08-4400 (JBS/AMD) |

### ORDER

This matter having come before the Court sua sponte by the Court in light of the failure of Plaintiff pro se, Guy W. Chiarulli, to comply with the Court's Scheduling Orders and to prosecute this action; and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the Court having made a de novo review; and for good cause shown;

IT IS on this _____ day of _____ 2010 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

                                              _____
                                              JEROME B. SIMANDLE
                                              UNITED STATES DISTRICT JUDGE